UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


MARGARET CRIMM                                              PLAINTIFF


VS.                                      CIVIL ACTION NO. 3:12CV312TSL-JCG


CAROLYN W. COLVIN, ACTING COMMISSIONER                      DEFENDANT
OF SOCIAL SECURITY

ORDER

This cause is before the court on the objections of plaintiff

Margaret Crimm to the report and recommendation of United States

Magistrate Judge John M. Roper entered on July 8, 2014,

recommending that plaintiff's motion for summary judgment be

denied and the government's motion to affirm the decision of the

Commissioner be granted.  Based on the following, the court,

having fully reviewed the report and recommendation and the record

herein, finds that the report and recommendation should be adopted

over the objections of plaintiff as the opinion of the court.

In the course of reaching his decision that plaintiff is not

under a disability, the ALJ found the following "severe

impairments":  hypertension; obesity; peripheral artery disease;

osteoarthritis of the back, hip and knees; mood disorder; and

depression.  Considering the record as a whole, with these severe

impairments in mind, the ALJ concluded that plaintiff retained the

following residual functional capacity (RFC):

> The claimant can participate in occasional climbing.
> The claimant is capable of understanding and carrying out instructions.
> The claimant is capable of maintaining attention and concentration adequately for two-hour periods within an eight-hour workday.
> The claimant is able to complete a normal workweek without excessive interruptions from psychological symptoms.
> The claimant is able to interact appropriately with coworkers and supervisors in a limited basis.
> The claimant can adapt to a work setting.

At plaintiff's hearing, the ALJ's hypothetical to the Vocational Expert (VE) mirrored this RFC.  The ALJ ultimately concluded that plaintiff is capable of returning to her past relevant work as a cashier, sewing machine operator and retail store operator, such that she is not disabled.

Plaintiff first objects that the ALJ not only erred in according "very little weight" to the opinion of her treating physician, Dr. Witcher, but also failed to abide by pertinent regulations in evaluating Dr. Witcher's opinions.  Dr. Witcher completed a form entitled "Medical Opinion Re: Ability to Do Work-Related Activities," whereby he opined that "claimant is capable of less than sedentary work; is limited to sitting for only two hours total each workday; must perform frequent positional changes, including the need to lie down; can never perform stooping, crouching, or climbing; should avoid exposure to pulmonary irritants and hazards; and will need to miss more three

days a month due to her impairments."  When prompted by the form

to identify the medical findings which supported his assigned

limitations, Dr. Witcher stated only "abnormal MRI of L spine"[1]

and "pain in back, hips, knees and legs."

In according Dr. Witcher's opinions "very light weight,"

the ALJ found that Dr. Witcher's opinions were "directly contrary

to the objective medical evidence" and were not support by

specifics.  Regarding the first of the ALJ's reasons for

discounting Dr. Witcher's opinion, while the ALJ could have been

more clear, it seems obvious that, at least some of the objective

medical evidence which he finds contrary to Dr. Witcher's

opinions, is Dr. Lewis's May 2009 consulting examination.  During

his examination, Dr. Lewis found that plaintiff could flex her

back, had no noticeable joint problems and exhibited negative

straight leg raising and normal reflexes.  Additionally, Dr. Lewis

reported that x-rays of plaintiff's chest and lumbar spine were

negative.  While Dr. Lewis did not provide an RFC, it is clear

that the RFC found by non-examining physician Dr. Griffin, whose

---

[1]     Dr. Witcher was presumably referring to a July MRI which
showed:
   1. L4-5 and L5-S1 disc desiccation
   2. Diffuse L4-5 disc bulge and posterior L5-S1 annular
   bulge
   3. L4-5 facet hypertrophy, bilateral facet and
   ligamentation flavum hypertrophy and moderate to severe
   bilateral lateral recess stenosis

opinion was accorded great weight the ALJ, was predicated on Dr. Lewis's objective examination findings.

Regarding the ALJ's second basis for discounting Dr. Witcher's testimony, the court agrees with the ALJ that Dr. Witcher's citation to an MRI without further explanation as to how the alleged "abnormalities" noted therein impacted plaintiff's ability to perform work-related activities, is insufficiently specific. Notably, Dr. Witcher did not purport to sustain his opinions with citation to any other objective findings in his treatment history of plaintiff. It is the court's opinion that substantial evidence supports the ALJ's decision to accord Dr. Witcher's opinion "very little weight."

Further, the court regards any error by the ALJ to explicitly address each factor set forth in 20 C.F.R. §§ 404.1527 and 416.927 to be harmless.[2] The court first notes that the ALJ's opinion

---

[2] Sections 404.1527 and 416.927 are identical, with the former being applicable to claims for disability insurance benefits and the latter to claims for supplemental security income. Plaintiff's application seeks both types of benefits. Both regulations require that, in evaluating opinion evidence, the ALJ shall consider:
(1) the physician's length of treatment of the claimant;
(2) the physician's frequency of examination;
(3) the nature and extent of the treatment relationship;
(4) the support of the physician's opinion afforded by the medical evidence of record;
(5) the consistency of the opinion with the record as a whole; and
(6) the specialization of the treating physician.
The court regards the ALJ's opinion as having specifically addressed factors 4 and 5.

does recite that he considered opinion evidence in accordance with these regulations (as well as the pertinent Social Security Rulings).  Further, although not expressly detailed by the ALJ, the record contained all of the information required for all but one of the remaining factors, the specialization of the treating physician.  Specifically, the medical records show the length of plaintiff's relationship with Dr. Witcher, the frequency of the examination, and the nature and extent of his treating relationship.  The ALJ represented that he viewed all of the evidence he was required to consider under the regulations and is unlikely to change his mind if he were to consider it again.  Plaintiff's objection is overruled.

By her second objection, plaintiff complains that the mental RFC assessed by the state agency mental health consultant, is fraught with internal errors such that it does not adequately account for plaintiff's severe mental impairments.  She maintains that it necessarily follows that the hypothetical posed to the vocational expert (VE) predicated on this RFC was incomplete and as such the opinions of the VE in response thereto do not amount to substantial evidence supporting the conclusion that plaintiff is not disabled.  Plaintiff's argument in this regard is rejected.  See Land v. Comm'r of Soc. Sec., 494 F. App'x 47 (11th Cir. 2012) (rejecting "Land's argument because it fails to consider 'all the

relevant medical and other evidence' that was available to the
ALJ. 20 C.F.R. § 404.1545(a)(3). The Social Security
Administration's Programs Operations Manual System (POMS)
clarifies that the boxes checked by [the doctors] are only part of
a worksheet that 'does not constitute the [doctors' actual] RFC
assessment.' POMS DI § 24510.060(B)(2). Checking the box
'Moderately Limited' means only that the claimant's capacity is
impaired; it does not indicate the degree and extent of the
limitation. See id. § 24510.063(B)(2). After checking the boxes
as an 'aid,' id. § 24510.060(B)(2), a doctor is then required to
detail his actual RFC assessment."); Jones v. Comm'r of Soc. Sec.,
478 F. App'x 610 (11th Cir. 2012) (same).

   Based on the foregoing, it is ordered that plaintiff's
objections to the report and recommendation are overruled. It is
further ordered that the report and recommendation of United
States Magistrate Judge John M. Roper be, and the same is hereby,
adopted as the finding of the court. It follows then that
plaintiff's motion for summary judgment is denied and defendant's
motion to affirm is granted, such that the action will be
dismissed with prejudice.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 30th day of September, 2014.


/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE